IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CARALIS CROWNER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:17-cv-34 |
| v. | |
| WARDEN DOUG WILLIAMS; UNIT MANAGER ERIC SMOKES; P.A. MRS. COOPER; LT. MITCHELL; and MRS. HENRY, | |
| Defendants. | |

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, submitted an Amended Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while incarcerated at Smith State Prison in Glennville, Georgia. (Doc. 10.) For the reasons set forth below, Plaintiff's allegations arguably state colorable claims for relief against Defendant Mitchell for deliberate indifference to medical needs. The Court **DIRECTS** the United States Marshal to serve Defendant Mitchell with a copy of Plaintiff's Amended Complaint, (doc. 10), and this Order. However, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims for monetary damages against Defendant Mitchell in his official capacity, **DISMISS** Defendants Williams, Smokes, Cooper, and Henry in their entirety, and **DISMISS** Plaintiff's claims for failure to protect and retaliation.

## BACKGROUND[1]

On February 17, 2015, Plaintiff contends two correctional officers ignored his request to contact Defendant Mitchell. (Doc. 10, p. 6.) Later that night, several inmates attacked Plaintiff by stabbing him and hitting him with locks. (Id.) As a result, Plaintiff suffered several head and eye injuries. (Id.) Plaintiff claims that Defendant Mitchell refused to take Plaintiff to the hospital and instead, placed him in the segregation unit because no medical staff was present. (Id.) Plaintiff was taken to medical and examined by Defendant Cooper the next day. (Id. at p. 11.) During this and several subsequent medical visits, Defendant Cooper found that Plaintiff's vision was not impaired, denied Plaintiff a hospital visit, and denied Plaintiff's request to see different doctors. (Id. at pp. 6, 11.)

On May 14, 2015, Plaintiff claims that his "ophthalmologist/optometry sheet show[ed] awareness of eye injury, Dr. Thomas requested surgery to fix vision lost." (Id. at p. 7.) On June 9, 2015, Plaintiff received a CT scan at Augusta State Medical Prison, revealing fractures in his eye socket and nasal bone. (Id. at p. 6.) However, Plaintiff claims that, despite numerous grievances, he did not receive surgery until "just recently." (Id. at p. 9.) Plaintiff further alleges that he was only able to receive surgery for his nasal bone fracture and not for his eye socket. Plaintiff avers his optometry doctors will not perform any corrective eye surgery because the delay in treatment has rendered it too risky. (Id.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment

---

[1] The below recited facts are taken from Plaintiff's Amended Complaint, (doc. 10), the operative Complaint in this action, and are accepted as true, as they must be at this stage. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A

plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law, which the Court discusses as follows.

## DISCUSSION

### I. Dismissal of Claims Against Defendant Smokes

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not provide detailed factual allegations, a complaint is insufficient if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted). Here, even construing Plaintiff's Complaint liberally, he fails to state a claim against Defendant Smokes. Plaintiff

makes no allegations of facts against Defendant Smokes in his Complaint. In fact, Plaintiff only mentions Defendant Smokes in the case caption. Accordingly, Plaintiff fails to state a claim upon which relief may be granted against Defendant Smokes. See Anderson v. Fulton Cty. Gov't, 485 F. App'x 394 (11th Cir. 2012) (dismissal proper where plaintiff failed to describe any specific allegations against defendant).

Therefore, the Court should **DISMISS** Plaintiff's claims against Defendant Smokes.

**II.    Dismissal of Claims Against Defendants Williams and Henry**

Plaintiff claims that Defendants Williams and Henry are responsible for his injuries because they either refused to respond to or denied his medical request grievances. (Doc. 10, pp. 4–5.) However, this basis of liability is insufficient under Section 1983. "An allegation that prison officials denied grievances does not 'support a finding of constitutional violations on the part of' those defendants." Gresham v. Lewis, No. 6:15-CV-86, 2016 WL 164317, at *3 (S.D. Ga. Jan. 13, 2016) (citing Bennett v. Sec'y, Fla. Dep't of Corr., No. 4:12CV32-MP/CAS, 2012 WL 4760856, at *1 (N.D. Fla. Aug. 27, 2012), *report and recommendation adopted*, No. 4:12-CV-00032-MP-CAS, 2012 WL 4760797 (N.D. Fla. Oct. 2, 2012) (quoting Raske v. Dugger, 819 F. Supp. 1046, 1054 (M.D. Fla. 1993)); see also Ludy v. Nelson, No. 5:14-CV-73-MTT-CHW, 2014 WL 2003017, at *3 (M.D. Ga. Apr. 18, 2014), *report and recommendation adopted*, No. 5:14-CV-73 MTT, 2014 WL 2003096 (M.D. Ga. May 15, 2014) ("However, the mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983.") (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009), and Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005)). Thus, Plaintiff cannot state a claim against Defendants Williams and Henry for failing to respond to or denying his grievances.

5

Furthermore, Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*.  Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  Id. at 802.  "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct."  Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Insofar as Plaintiff seeks to hold Defendants Henry and Williams liable based on their supervisory positions, he may not do so.  Plaintiff's Complaint is devoid of any allegation that either Defendant Williams or Henry were personally involved in, or otherwise causally connected to, the alleged violations of his constitutional rights.

For these reasons, the Court should **DISMISS** Plaintiff's claims against Defendants Williams and Henry.

### III. Deliberate Indifference to Medical Needs Claims

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Generally speaking, however, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and

unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). Thus, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Constitution does not mandate comfortable prisons. Id. Prison conditions violate the Eighth Amendment only when the prisoner is deprived of "the minimal civilized measure of life's necessities." Id. at 347. However, "[c]ontemporary standards of decency must be brought to bear in determining whether a punishment is cruel and unusual." Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999).

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference to medical care claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily

7

recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

"The meaning of 'more than gross negligence' is not self-evident[.]" Id. In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the factors considered are: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id. "When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Cty. Det. Ctr. Staff, 262 F. App'x 959, 964 (11th Cir. 2008) (quoting Harris, 941 F.2d at 1504). "Deliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.

"A medical treatment claim [will] not lie against non-medical personnel unless they were personally involved in the denial of treatment or deliberately interfered with prison doctors' treatment. Prison officials are entitled to rely on the opinions, judgment and expertise of a prison medical staff to determine a medically necessary and appropriate cause of treatment for an inmate." Baker v. Pavlakovic, No. 4:12-CV-03958-RDP, 2015 WL 4756295, at *7 (N.D. Ala. Aug. 11, 2015) (citing Williams v. Limestone Cty., 198 F. App'x 893, 897 (11th Cir. 2006)). "[It] is widely held that non-medical prison personnel are generally entitled to rely on the expertise of the medical staff and are not required to second-guess the medical staff's judgment

regarding an inmate's care." Stallworth v. Graham, No. 4:14-CV-00134-RDP, 2015 WL 4756348, at *5 (N.D. Ala. Aug. 11, 2015) (citing Johnson v. Doughty, 433 F.3d 1001, 1011 (7th Cir. 2006) ("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals[.]"), and Kelly v. Ambroski, 97 F. Supp. 3d 1320, 1343 (N.D. Ala. 2015) ("[I]n the absence of a reason to believe, or actual knowledge, that medical staff is administering inadequate medical care, non-medical prison personnel are not chargeable with the Eighth Amendment scienter requirement of deliberate indifference[.]")).

### A. Defendant Mitchell

Plaintiff claims that Defendant Mitchell improperly denied him medical care after the attack. Instead of taking him to the hospital because no medical personnel were immediately available, Plaintiff avers that Defendant Mitchell placed him in the segregation unit. Plaintiff alleges that after being stabbed and hit with locks he had several head and eye injuries. Although Plaintiff concedes that he was examined by medical the next day, Plaintiff does not indicate whether Defendant Mitchell was responsible for getting him this medical care or some other prison official. Plaintiff's medical needs after being stabbed and hit with locks are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Goebert, 510 F.3d at 1326. Based on these allegations, Plaintiff has stated a plausible claim for relief against Defendant Mitchell.

However, Plaintiff cannot sustain his claim for monetary damages against Defendant Mitchell in his official capacity. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit

without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983.  Id. at 71.  Here, the State of Georgia would be the real party in interest in a suit against Defendant Mitchell in his official capacity as an employee of the Georgia Department of Corrections.  Accordingly, the Eleventh Amendment immunizes Defendant Mitchell from suit in his official capacity.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).

Consequently, the Court should **DISMISS** Plaintiff's monetary damages claims against Defendant Mitchell in his official capacity.  However, Plaintiff's claims for deliberate indifference to medical needs shall proceed against Defendant Mitchell in his individual capacity.

### B. Defendant Cooper

Plaintiff also fails to plausibly allege that Defendant Cooper disregarded Plaintiff's medical needs with conduct that is more than gross negligence.  As Plaintiff's Complaint demonstrates, Defendant Cooper saw Plaintiff four times to assess his medical needs. (Doc. 10, p. 11.)  Plaintiff alleges that Defendant Cooper refused to allow him to be treated at a hospital or to be examined by different doctors.  However, Plaintiff is not entitled to medical treatment of his choice and, accordingly, these allegations do not establish that Defendant Cooper was deliberately indifferent to Plaintiff's medical needs.

During her medical inspection, Defendant Cooper allegedly failed to discover fractured bones in Plaintiff's eye socket and nose.  However, while these contentions may be sufficient to allege negligence, or even gross negligence, they are not sufficient to establish a Section 1983 deliberate indifference claim.  The Supreme Court has emphasized that mere negligence in

providing medical treatment or a difference of medical opinion does not give rise to an Eighth Amendment claim, and medical malpractice does not become a constitutional violation simply because the victim is incarcerated. Estelle, 429 U.S. at 106; see also Kelley v. Hicks, 400 F.3d 1282, 1285 (11th Cir. 2005) ("Mere negligence, however, is insufficient to establish deliberate indifference."); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998) (negligence in misdiagnosis of pituitary tumor not sufficient for Eighth Amendment claim); Moore v. McNeil, No. 09-22754-CIV, 2009 WL 7376782, at *5 (S.D. Fla. Dec. 7, 2009), *report and recommendation adopted in part*, No. 09-22754-CIV, 2011 WL 304313 (S.D. Fla. Jan. 28, 2011) ("Treatment violates the Eighth Amendment only if it involves something more than a medical judgment call, an accident, or an inadvertent failure. It must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.") (quoting Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980), and Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).

The purpose of the subjective requirement of the deliberate indifference test is "to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." Rouster v. Cty. of Saginaw, 749 F.3d 437, 446–47 (6th Cir. 2014) (emphasis supplied) (quoting Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001)); Payne v. Groh, No. CIV. 1:99CV83, 1999 WL 33320439, at *5 (W.D.N.C. July 16, 1999) ("An allegation of misdiagnosis, even when accompanied by a speculative allegation of subjective intent, amounts only to the state-law tort of medical malpractice, not to a tort of constitutional magnitude for which Section 1983 is reserved.").

Thus, Plaintiff's allegations, even when accepted as true and construed in his favor, simply do not rise to the level of a constitutional violation. Consequently, the Court should **DISMISS** Plaintiff's claims against Defendant Cooper.

## IV. Failure to Protect Claim

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cty., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319–20).

Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004). Under the

objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260–61 (11th Cir. 2004) (quoting Farmer, 511 U.S. at 837). To prove deliberate indifference, the prisoner must show that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289–90).

Prison officials are not held liable for every attack by one inmate upon another, Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986), nor are they guarantors of a prisoner's safety. Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990). Rather, a prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather than a mere possibility" before his failure to protect an inmate can be said to constitute deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).

Plaintiff claims two correctional officers ignored his request to inform Defendant Mitchell that he was "having problems." (Doc. 10, p. 8.) However, Plaintiff does not specify whether he anticipated an attack from other inmates, conveyed those concerns to the correctional officers, and, most importantly, that the two correctional officers were aware of a risk of injury to Plaintiff.[2] Moreover, Plaintiff never alleges that Defendant Mitchell was aware of any threat to Plaintiff's safety prior to the attack. Therefore, Plaintiff has failed to allege that Defendant Mitchell, or any other Defendant, was faced with a known risk of injury that rises to the level of a strong likelihood prior to the attack on Plaintiff.

Accordingly, the Court should **DISMISS** Plaintiff's claims for failure to protect.

---

[2] Even if Plaintiff did so allege, he does not name the two correctional officers as Defendants in this action.

### V.     Retaliation Claim

"It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011).  It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. (quoting Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (internal citation and punctuation omitted)).  "To establish a First Amendment retaliation claim, a prisoner need not allege the violation of an additional separate and distinct constitutional right; instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant, 637 F.3d at 1212.  "To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith, 532 F.3d at 1276 (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Plaintiff alleges that he was placed in segregation and transferred to several different facilities after filing grievances.  However, Plaintiff fails to allege which Defendants were responsible for his placement in segregation or arranged for his facility transfer.  Thus, even accepting his allegations as true, he has not plausibly claimed that any Defendant was personally involved in the retaliation against him.  Thus, Plaintiff fails to assert "sufficient factual matter" to support a plausible retaliation claim against Defendants. Iqbal, 556 U.S. at 678.

Accordingly, the Court should also **DISMISS** Plaintiff's retaliation claims.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims for monetary damages against Defendant Mitchell in his official capacity, **DISMISS** Defendants Williams, Smokes, Cooper, and Henry in their entirety, and **DISMISS** Plaintiff's claims for failure to protect and retaliation.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**REMAINING CLAIMS AND DEFENDANT**

As stated above, Plaintiff's Complaint arguably states colorable claims against Defendant Mitchell for deliberate indifference to medical needs. Consequently, a copy of Plaintiff's Amended Complaint and a copy of this Order shall be served upon Defendant Mitchell by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

**INSTRUCTIONS TO DEFENDANT**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the defendant by first-class mail and request that the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendant is further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendant shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or his counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the

17

Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Upon no less than five (5) days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of August, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA